# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **BRANDON S.,** | * | |
| | * | |
| **v.** | * | **Civil Case No. GLR-18-1125** |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). ECF 5. I have considered the Defendant's Motion for Summary Judgment, and Plaintiff's Reply. ECF 20, 22. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the Social Security Administration ("SSA") if it is supported by substantial evidence and if the SSA employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that the SSA's Motion for Summary Judgment be GRANTED, and the Court AFFIRM the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g).

Plaintiff was found disabled and began receiving Supplementary Security Income ("SSI") benefits beginning July 1, 2008. Tr. 21. In 2012, Plaintiff returned to work. Tr. 48, 108. Plaintiff continued receiving benefits through August 2014. Tr. 47, 58. Plaintiff received a series of letters from the SSA indicating he had been overpaid because of his increased income. Tr. 34-60. The first letter was dated February 14, 2012. Tr. 34.[1] On February 2, 2015, the SSA

---

[1] That letter claimed Plaintiff was overpaid in August and September of 2011. Tr. 34. Those months are not part of the period of overpayment the ALJ found. Tr. 11.

sent a letter to Plaintiff claiming that he had been overpaid $12,317.48 from February 2012 through August 2014. Tr. 55. Plaintiff filed a request for reconsideration, Tr. 70, but after reconsideration the SSA determined the initial overpayment decision was correct. Tr. 85-86. Plaintiff then filed a request for a hearing before an Administrative Law Judge ("ALJ"). Tr. 95. A hearing was held on May 26, 2016, with a short supplementary hearing the following day. Tr. 150-83, 184-89. Following the hearings, the ALJ issued a written decision finding Plaintiff was overpaid $12,317.48 from February 1, 2012 to August 1, 2014, and denying Plaintiff's request for a waiver of the overpayment. Tr. 9-14. The Appeals Council denied Plaintiff's request for review, Tr. 2-5, making the ALJ's decision the final reviewable decision of the SSA.

Initially, Plaintiff raises issues in his Response that are outside the scope of this Court's review of the ALJ's decision. Plaintiff explains that he has suffered new injuries and is currently unable to work. ECF 22 at 1. However, this Court is confined to reviewing the ALJ's decision and determining if substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Plaintiff's current allegations of disability would have to be addressed by the SSA in response to a new application for benefits. Additionally, Plaintiff has offered a compromise to sell his vehicle to satisfy the overpayment. ECF 22 at 2. Should the ALJ's decision ultimately be affirmed by this Court, Plaintiff may engage in discussions with the SSA to reach a repayment agreement that accounts for his current circumstances. However, such arrangements are outside the limited role of this Court in reviewing the ALJ's decision.

As background, an overpayment is defined as "payment of more than the amount due for any period." 20 C.F.R. § 416.537(a). When an overpayment occurs, the SSA will adjust any benefit payments due to an overpaid claimant, or recover the funds by, for example, requiring the

claimant to refund the overpayment. *See* 42 U.S.C. § 404(a)(1)(A). No adjustment or recovery

is permitted if: (1) the overpaid individual is without fault; and (2) recovery would defeat the

purpose of the SSI program, or be "against equity and good conscience." 42 U.S.C. § 404(b)(1);

*Garnett v. Sullivan*, 905 F.2d 778, 781 (4th Cir. 1990). In determining whether an individual is

without fault, the SSA will consider all pertinent circumstances, including any physical, mental,

educational, or linguistic limitations the individual might have. *See* 42 U.S.C. § 404(b)(2); 20

C.F.R. § 416.552.

The SSA regulations provide that what constitutes fault on the part of the overpaid

individual depends upon whether the facts show that the overpayment resulted from:

> (a) Failure to furnish information which the individual knew or should have
> known was material; (b) An incorrect statement made by the individual which he
> knew or should have known was incorrect (this includes the individual's
> furnishing his opinion or conclusion when he was asked for facts), or (c) The
> individual did not return a payment which he knew or could have been expected
> to know was incorrect.

20 C.F.R. § 416.552. The overpaid individual bears the burden of demonstrating both that he is

without fault, and that repayment would be inequitable, or would defeat the purposes of the Act.

*Gatewood v. Astrue*, Civil No. JKS-08-1744, 2011 WL 939027, at *2 (D. Md. Mar. 16, 2011)

(citing *Valente v. Sec'y of HHS*, 733 F.2d 1037, 1042 (2d Cir. 1984); *Harrison v. Heckler*, 746

F.2d 480, 482 (9th Cir. 1984)). Even when the SSA has some culpability in making the

overpayment, the overpaid individual may still be found to be at fault. *See* 20 C.F.R. § 416.552.

"Neither good faith nor the absence of bad faith suffices to establish that the overpaid individual

is without fault." *Thomas v. Sullivan*, 923 F.2d 849 (4th Cir. 1991) (unpublished table decision)

(citing *Center v. Schweicker,* 704 F.2d 678, 679-80 (2d Cir.1983)).

Here, Plaintiff argues, at least in part, that the amount of overpayment was incorrect.

ECF 22 at 2. ("Many of the months in [the relevant time] period I was unable to work . . . [h]alf

of the period of not being eligible for assistance I was unable to even work."). Although I am unable to discern from the records any record of Plaintiff's monthly income, his annual incomes in 2012, 2013, and 2014, were respectively, $18,525.18, $60,976.15, and $77,000.40, Tr. 11, 108. The ALJ also relied on a record, Tr. 58., reflecting the months during the relevant time period in which Plaintiff did not exceed the income threshold for substantial gainful activity ("SGA"). Tr. 11. That record suggests that Plaintiff did not perform SGA, and thus properly received benefits, in the months of April 2012 through June 2012, and October 2012 through November 2012. Tr. 58. The benefits from those months were not included in the overpayment amount. *Id.* Therefore, the ALJ supported his finding of the amount of Plaintiff's overpayment with substantial evidence.

The ALJ then proceeded to evaluate Plaintiff's waiver request. The ALJ denied the waiver because he found that Plaintiff was "at fault" in causing the overpayment because he "continued to accept disability payments when he knew, or could have been expected to know, he was no longer entitled to them." Tr. 12 (citing 20 C.F.R. § 416.552(c)). The ALJ found that the numerous letters the SSA sent to Plaintiff should have alerted Plaintiff that he was not entitled to continue to receive benefits after he returned to work. Tr. 12-13. Specifically, the ALJ cited Plaintiff's receipt of the letter dated February 14, 2012, Tr. 34, which claimed Plaintiff received an overpayment in August and September of 2011 because the SSA did not know about the other income he received in those months. Tr. 12. The ALJ explained that the letter "alerted the [Plaintiff] that he would have to repay any SSA payments when his earnings surpassed a certain threshold." Tr. 12-13. The ALJ also found that Plaintiff's "effort to notify [the] SSA about his income change [was] an indication that the claimant knew he was not entitled to benefits anymore when he returned to work." Tr. 12. Although that particular inference appears

4

tenuous, I find that the letters upon which the ALJ concluded Plaintiff knew or could have known he was receiving overpayments constitute substantial evidence in finding Plaintiff was at fault.[2]

The ALJ also made alternative findings that, even if Plaintiff was not at fault in causing the overpayments, his waiver request should be denied because recovery of the overpayment would neither defeat the purpose of the SSI program, nor be against equity and good conscience. Tr. 13-14. Recovery of an overpayment would defeat the purpose of the SSI program "if the individual's income and resources are needed for ordinary and necessary living expenses." 20 C.F.R. § 416.553(a); *see also* 20 C.F.R. § 404.508. Recovery of an overpayment is against equity and good conscience "if an individual changed his or her position for the worse or relinquished a valuable right because of reliance upon a notice that payment would be made or because of the incorrect payment itself." 20 C.F.R. § 416.554. The ALJ found that recovery would not defeat the purpose of the SSI program, based on Plaintiff's income at the time of the decision. Tr. 13. The ALJ considered Plaintiff's annual income of $90,487 in 2015, and his expected income of $70,000 in 2016, and concluded when comparing Plaintiff's income with his expenses that there was "room for some amount of repayment." Tr. 13. The ALJ noted there was no evidence or suggestion that Plaintiff changed his position or relinquished a right based on the benefits he received. Tr. 13-14. Accordingly, the ALJ supported with substantial evidence his alternative findings that, even if Plaintiff was not at fault, recovery of the overpayment would neither defeat the purpose of the SSI program, nor be against equity and good conscience.

---

[2] The first letter Plaintiff received regarding an overpayment was dated February 14, 2012, Tr. 34, but the period of overpayment found by the ALJ began on February 1, 2012, Tr. 11. To the extent that the ALJ's finding of fault for the overpayment in February 2012 was not supported by prior correspondence from the SSA, the ALJ's alternative bases for denying Plaintiff's waiver request were sufficient grounds for denial.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court GRANT Defendant's Motion for Summary Judgment, ECF 20;

2. the Court AFFIRM the SSA's decision under sentence four of 42 U.S.C. § 405(g); and

3. the Court order the Clerk to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated: March 11, 2018                                     /s/
                                          Stephanie A. Gallagher
                                          United States Magistrate Judge